IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TOTAL ENGINEERING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-881C |
| | ) | (Judge M. Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this reply in support of its motion to dismiss the complaint filed by plaintiff, Total Engineering, Inc. (Total).

I.  Defendant's Motion To Dismiss Should Not Be Treated As One For Summary Judgment

In its opposition brief, Total asserts that our motion to dismiss should be treated as a motion for summary judgment because we attached an appendix. Pl. Br. 3. That contention is without merit. It is well-established that a Rule 12(b)(1) motion cannot be converted into a motion for summary judgment. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1383 (Fed. Cir. 2002). In deciding a Rule 12(b)(1) motion, courts may consider evidentiary matters outside the pleadings. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353, 1355 (Fed. Cir. 2011); *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985).

Moreover, as Total concedes, when deciding a motion to dismiss pursuant to RCFC 12(b)(6), courts "must consider . . . documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord* Pl. Br. 9 ("In addition to the Complaint, the judge may rely on . . . documents which are incorporated by reference in the pleadings." (citing *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877

(C.D. Cal. 2013))).  In this case, the following documents were attached to our motion:  (1) an excerpt from the contract at issue in this case; (2) an August 2010 letter notifying Total of the contracting officer's decision to modify the contract to remove the steam line work pursuant to the changes clause; and (3) the final decision at issue.  A1-25.  However, only the final decision is relevant to our RCFC 12(b)(6) motion, and Total acknowledges that the final decision was "incorporated into the complaint."  Pl. Br. 2; *accord* Compl. ¶ 21.  In fact, Total contends that the final decision was *attached* to the complaint, although there is no attachment to the complaint as it appears on the docket.  *See* dkt. no. 1.  Further, the other two documents in our appendix are also incorporated into the complaint by reference.  *See* Compl. ¶¶ 8, 17.

Because our Rule 12(b)(1) motion cannot be converted into a motion for summary judgment, and the documents in our appendix are incorporated into the complaint by reference, our motion to dismiss should not be treated as a motion for summary judgment.

II.   Total's Defective Specifications Claim Should Be Dismissed Because Total Did Not Submit That Claim To The Contracting Officer

As demonstrated in our opening brief, where a contractor seeks to contest the assessment of damages by claiming entitlement to time extensions *or other relief*, the Court "'is presented with a claim by the contractor against the government and that must first be presented to'" the contracting officer.  *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1331 (Fed. Cir. 2010) (quoting *Elgin Builders, Inc. v. United States*, 10 Cl. Ct. 40, 44 (1986)).  Thus, "a contractor *seeking an adjustment of contract terms* must meet the jurisdictional requirements and procedural prerequisites of the CDA, whether asserting the claim against the government as an affirmative claim or as a defense to a government action."  *Id.* (emphasis added); *accord Raytheon Co. v. United States*, 2014 WL 1327919, at *11 (Fed. Cir. Apr. 4, 2014) ("[O]btaining a final decision is a jurisdictional prerequisite . . . . even when a claim is asserted as a defense.");

*K-Con Bldg. Sys., Inc. v. United States*, 114 Fed. Cl. 722, 731 (2014); *Sikorsky Aircraft Corp. v. United States*, 102 Fed. Cl. 38, 48 n.14 (2011).

Total contends that its defective specifications defense "is not a 'claim,'" because Total does not seek "modification of the contract terms in any way." Pl. Br. 6. That argument is baseless for several reasons. First, as demonstrated in our opening brief, impracticability of performance due to defective specifications is treated as a type of constructive change to the contract. *Ace Constructors, Inc. v. United States*, 499 F.3d 1357, 1364 (Fed. Cir. 2007); *Fireman's Fund Ins. Co. v. United States*, 92 Fed. Cl. 598, 680 (2010). Therefore, Total effectively alleges that defective specifications made performance of the steam line work impracticable, *i.e.*, performance would be practicable only if the contract terms were *adjusted* to correct the allegedly defective specifications.

Second, as Total concedes, the contracting officer decided "to remove the steam line work from Total's contract scope" pursuant to the changes clause, 48 C.F.R. § 52.243-4. *See* Pl. Br. 6; Compl. ¶ 17; A5. Subsequently, the Government decided to deduct from Total's payment applications an amount attributable to the removed work. Compl. ¶ 19. In its complaint, Total seeks payment of the alleged contract balance. *Id.* ¶ 28; *see also* A8 ("[F]or the reasons set herein, the Government intends to issue a unilateral change to modify the Contract to provide the Government with a credit of the remaining [contract balance]."). Therefore, Total's claim must be certified. *See Maropakis*, 609 F.3d at 1327 ("'This court holds that the plaintiff is challenging a government claim to liquidated damages *and* making its own contractor claim to recover amounts withheld for liquidated damages. The latter must be certified.'" (quoting *Sun Eagle Corp. v. United States*, 23 Cl. Ct. 465, 477 (1991))).

Third, Total's defective specifications claim requires interpretation of the terms of the contract. Because the term "claim" is not defined in the Contract Disputes Act, 41 U.S.C. §§ 7101-09, its meaning is governed by the Federal Acquisition Regulation (FAR). *Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1311 (Fed. Cir. 2011); *Maropakis*, 609 F.3d at 1327. The FAR defines "claim" as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or *interpretation of contract terms, or other relief* arising under or relating to the contract." 48 C.F.R. § 2.101 (emphasis added); *accord Sikorsky*, 102 Fed. Cl. at 45-46.

"When the Government provides a contractor with design specifications, such that the contractor is bound by contract to build according to the specifications, the contract carries an implied warranty that the specifications are free from design defects." *White v. Edsall Constr. Co.*, 296 F.3d 1081, 1084 (Fed. Cir. 2002). This implied warranty of specifications applies "only to design specifications detailing the actual method of performance. It does not accompany performance specifications that merely set forth an objective without specifying the method of obtaining the objective." *Id.*; *see also Stuyvesant Dredging Co. v. United States*, 834 F.2d 1576, 1582 (Fed. Cir. 1987) ("Design specifications explicitly state how the contract is to be performed and permit no deviations. Performance specifications . . . specify the results to be obtained, and leave it to the contractor to determine how to achieve those results."); *J. L. Simmons Co. v. United States*, 412 F.2d 1360, 1362 (Ct. Cl. 1969) (explaining that design specifications "set forth in precise detail the materials to be employed and the manner in which the work was to be performed, and [the contractor] was not privileged to deviate therefrom, but was required to follow them as one would a road map."). Additionally, to prevail on a defective specifications claim, the contractor must demonstrate that any alleged defect in the specifications "was not an

4

obvious omission, inconsistency or discrepancy of significance—in other words, a patent defect." *E.L. Hamm & Assocs., Inc. v. England*, 379 F.3d 1334, 1339 (Fed. Cir. 2004).

Accordingly, Total's defective specification claim requires interpretation of the contract to determine whether:  (1) the allegedly defective specifications are design or performance specifications[1]; and (2) whether any alleged defects were patent.  Therefore, Total was required to submit its defective specification claim to the contracting officer.  *See Todd Constr.*, 656 F.3d at 1311; *Maropakis*, 609 F.3d at 1327; FAR § 2.101.  Because Total did not submit its defective specifications claim to the contracting officer, that claim lies beyond the jurisdiction of this Court and should be dismissed.

As demonstrated in our opening brief, Total's defective specifications claim is its only defense against the Government's claim.  In its brief, Total points to its conclusory allegation that it "constructed the concrete trench, the concrete piers, the steam line anchors, the slides and guides, the above-ground caissons, and the steam and condensate lines in accordance with the Contract Documents," Compl. ¶ 14, and argues that this allegation "directly challenged" the final decision.  Pl. Br. 7.  However, the entire complaint, including the allegations in paragraph 14, can only reasonably be construed as part of Total's defective specifications claim.  Indeed, the complaint contains only one count, which merely recites elements of a defective specifications claim:  (1) the Government issued design specifications, Compl. ¶¶ 11, 25; (2) Total constructed

---

[1]  Total asserts that "the Government does not contest . . . that the Government issued design specifications . . . ."  Pl. Br. 9 (citing Compl. ¶¶ 11, 25).  However, it is well-settled that "the filing of a motion to dismiss is not the same as an admission by defendant that plaintiff's allegations in the complaint are true."  *McNeil v. United States*, 78 Fed. Cl. 211, 238 (2007) (citing *Norman v. Mo. Pac. R.R.*, 414 F.2d 73, 78 (8th Cir. 1969); *Wickstrom v. Ebert*, 101 F.R.D. 26, 33 (E.D. Wis. 1984)).  Should the Court deny the motion to dismiss, the Government "would then file its answer to the complaint in which it would be free to deny any or all of [Total's] allegations."  *Id.*; *see also* RCFC 12(a)(4) (requiring defendant to file its answer within 14 days after denial of a motion to dismiss).

the steam line in accordance with the design specifications, *id.* ¶¶ 14, 26; and (3) the Government's design "is the most probable cause" of the steam line system's failure. *Id.* ¶¶ 16, 27.  Accordingly, Total does not present any claims within this Court's jurisdiction, and the complaint should be dismissed for lack of jurisdiction.  *See Maropakis*, 609 F.3d at 1332; *England v. Swanson Group, Inc.*, 353 F.3d 1375, 1379 (Fed. Cir. 2004).

III.   The Complaint Should Be Dismissed Because Total Does Not Allege Facts Plausibly Suggesting A Showing Of Entitlement To Relief

In our opening brief, we demonstrated that Total does not allege "facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief."  *See Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Total argues that "[t]he allegations contained in the Complaint, especially when viewed in conjunction with the Contracting Officer's Final Decision, are more than sufficient to state a plausible claim for defective specification."  Pl. Br. 9.  Total concedes that the complaint does not identify which specifications were defective, how they were defective, or which portion or portions of the steam line were affected by the allegedly defective specifications.  *Id.* 10.  Nevertheless, Total contends, without support, that "that is not the standard," and that "given the detail with which the Contracting Officer's Final Decision describes the steam line failures (both in type and location), it should be reasonably easy for the Government to determine both which specifications were defective and which portions of the steam line were affected by those specifications."  *Id.*  That allegation does not appear in the complaint; therefore, the Court should not consider it.  *See Casa de Cambio Comdiv S.A., de C.V. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002) (holding that a claim not raised in the complaint is waived); *Vasko v. United States*, 112 Fed. Cl. 204, 217-18 (2013) ("Claims raised for the first time in a response brief are generally waived."); *Crest A Apartments Ltd. II v.*

*United States*, 52 Fed. Cl. 607, 613 (2002) (refusing to "consider claims asserted by [the plaintiff] in its motion but not pleaded in its complaint").

Even assuming for the sake of argument that the Court may consider that argument – notwithstanding Total's failure to make that allegation in its complaint – that contention is meritless for several reasons. First, the final decision does not characterize *any* specifications as defective. *See generally* A7-25. Thus, it is not possible for the Government, or this Court, to divine which specifications Total believes were defective or which portions of the steam line were affected by any such specifications.

Second, as demonstrated above, a defective specifications claim is, in essence, a claim for breach of implied warranty. "'[T]o recover for a breach of warranty, a plaintiff must allege and prove (1) that a valid warranty existed, (2) the warranty was breached, and (3) plaintiff's damages were caused by the breach.'" *Agredano v. United States*, 595 F.3d 1278, 1280-81 (Fed. Cir. 2010) (quoting *Hercules Inc. v. United States*, 24 F.3d 188, 197 (Fed. Cir. 1994)). Thus, Total is required to allege the existence of a valid warranty, *i.e.*, the particular specifications that it alleges were defective.

Third, as demonstrated above, Total must show that: (1) the allegedly defective specifications are design specifications; and (2) any alleged defects were patent. *See E.L. Hamm*, 379 F.3d at 1339; *White*, 296 F.3d at 1084. However, the complaint does not contain any factual allegations that could support those elements. Indeed, the complaint does not even contain a conclusory allegation that any alleged defects were patent. Thus, the complaint does not contain well-pleaded factual allegations "respecting all the material elements necessary to sustain recovery under some viable theory." *Twombly*, 550 U.S. at 562.

Apart from its defective specification claim, Total does not argue that the complaint states a claim upon which relief can be granted.  *See generally* Pl. Br.  Accordingly, Total has waived any argument that it states a claim for relief apart from its defective specifications claim.  *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived"); *Harper v. United States*, 104 Fed. Cl. 287, 293 n.6 (2012) ("[P]laintiff's opposition did not respond to defendant's argument, so plaintiff's contention should be considered abandoned.").

Even assuming for the sake of argument that Total has not waived that argument, as demonstrated above, no cause of action other than defective specifications can be discerned from the face of the complaint.  *See* Compl. ¶¶ 25-27.  Moreover, Total has failed to plead "'the nature of, and the issues present in, the assessment itself.'"  *Maropakis*, 609 F.3d at 1331 (quoting *Elgin Builders*, 10 Cl. Ct. at 44).  The final decision at issue was based upon Total's defective work and its breach of the following obligations:  (1) to provide the Government with an operable underground and aboveground steam line; (2) to provide the Government with in progress and final as-built drawings of the steam line; (3) to conform to the specifications and contract drawings; (4) to perform its work in a skillful and workmanlike manner; and (5) to develop and exert strict quality control measures.  A7, A24-25.  Thus, Total is required to plead and to prove that its work was not defective, that it provided the Government with an operable underground and aboveground steam line, that it provided the Government with in progress and final as-built drawings of the steam line, that its work conformed to the specifications and contract drawings, that its work was performed in a skillful and workmanlike manner, and that it developed and exerted strict quality control measures.

However, the complaint only touches upon one of these elements: Total's obligation to conform to the specifications and contract drawings. *See* Compl. ¶¶ 14, 26. Therefore, the complaint does not contain well-pleaded factual allegations "respecting all the material elements necessary to sustain recovery under some viable theory." *Twombly*, 550 U.S. at 562 (internal quotation marks and citation omitted); *accord Fisher v. United States*, 402 F.3d 1167, 1175-76 (Fed. Cir. 2005) (complaint "fail[s] to state a claim on which relief can be granted" unless the well-pleaded facts "establish all elements of the cause of action"); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 683 (3d ed. 2004) (complaint "must set forth sufficient information to outline the elements of a viable claim for relief or to permit inferences to be drawn from the complaint that indicate that these elements exist"). Moreover, Total's allegations regarding its obligation to conform to the specifications and drawings are no more than "mere conclusory statements," "'labels and conclusions,'" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557); *accord Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Because Total does not allege "facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief," *see Bank of Guam*, 578 F.3d at 1326 (quoting *Twombly*, 550 U.S. at 555), with respect to "all the material elements necessary to sustain recovery under some viable theory," *Twombly*, 550 U.S. at 562, the complaint should be dismissed pursuant to RCFC 12(b)(6).

## CONCLUSION

We respectfully request that the Court grant defendant's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | STUART F. DELERY<br>Assistant Attorney General |
|  | ROBERT E. KIRSCHMAN, JR.<br>Director |
| OF COUNSEL: | s/ Deborah A. Bynum<br>DEBORAH A. BYNUM |
| LESLIE M. REED<br>MICHAEL T. SHIELDS | Assistant Director |
| Assistant District Counsel<br>Baltimore District<br>U.S. Army Corps of Engineers<br>10 South Howard Street<br>Baltimore, MD 21201 | s/ Jeffrey D. Klingman<br>JEFFREY D. KLINGMAN<br>Trial Attorney<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Tele:  (202) 305-4436 |
| April 24, 2014 | Attorneys for Defendant |